**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DAVENPORT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:14-cv-00721-SMS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDMGENT<br><br>(Doc. 22.) |

Plaintiff Betty Davenport sought review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under the Social Security Act (42 U.S.C. § 301 *et seq.*). After reviewing the parties' cross-briefs, which were submitted without oral argument to the Magistrate Judge, the Court issued an order on September 15, 2015, affirming the agency's denial of benefits and ordered judgment for the Commissioner. Doc. 19. [1] Before the Court now is Plaintiff's "Motion to Alter or Amend the Judgment of the Court." Doc. 22. Defendant has filed an Opposition and Plaintiff has filed a Reply. After consideration, the Court finds this matter suitable for decision without oral argument. Local Rule 230(g).

[1] The order was originally issued on September 9, 2015, but vacated due to an administrative error, and an amended order was issued six days later on September 15, 2015. Docs. 18-19. Any reference to the Court's order refers to the September 15, 2015 order. Doc. 19.

# I. BACKGROUND

The Court incorporates here by reference the "Procedural History and Factual Background" section in its September 15, 2015, Order. Doc. 19.

In the Order, the Court addressed Plaintiff's contentions regarding the ALJ's alleged failure to properly assess evidence of Plaintiff's: (1) hand limitations, (2) use of an assistive device, (3) medication side effects, and (4) pain. Plaintiff's sole contention here concerns the Court's harmless error analysis with regard to the ALJ's treatment of Dr. Kyaw Swe's opinion, which allegedly supports Plaintiff's hand limitations.

Plaintiff avers the Court's Order and "resulting judgment constitute[d] a fundamental and clear error of law based on *Marsh v. Colvin*, 792 F.3d 1170 (9th Cir. 2015)." Doc. 22, pg. 1. She asserts that in finding harmless error, the Court improperly engaged in determining whether a reasonable ALJ would accept Dr. Swe's opinion where the "ALJ did not summarize that opinion evidence and did not address [Dr. Swe's] independent clinical findings." Doc. 22, pg. 6. Plaintiff essentially contends the Court erred in reweighing evidence on behalf of the agency.

Defendant counters that Plaintiff has not provided a legitimate basis for the Court to alter its judgment, noting that "Plaintiff cites to no functional limitations that Dr. Swe assessed which were not address by her other doctors." Doc. 26, pg. 2. Defendant asserts the Court's judgment was not inconsistent with *Marsh* because the facts differ—unlike the physician in *Marsh*, Dr. Swe did not provide a functional assessment. Defendant reiterated that because the overall record showed substantial evidence supported the ALJ's findings about Plaintiff's lack of disability, the Court should not alter its judgment.

In her reply, Plaintiff points to the Court's description of Dr. Swe's opinions and avers that like the physician in *Marsh*, Dr. Swe provided a functional assessment of Plaintiff's limitations. Plaintiff equates the Court's judgment with expanding the harmless error doctrine and urges the

Court not to engage in fact finding beyond what is required.

## II. DISCUSSION

### A. *Standard of Review*

Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion, filed on September 18, 2015—three days after the Court filed its Order—is therefore timely. And as explained in the Advisory Committee Note to Subdivision (e): "This subdivision . . . makes clear that *the district court possesses the power . . . to alter or amend a judgment after its entry*." Fed. R. Civ. P. Advisory Committee Notes to Rule 59 (emphasis added). Of course a Rule 59(e) motion is not without limits.

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based;* 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law.

*Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted and emphasis in original). Importantly, a "district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Id.* (citation omitted).

### B. *Analysis*

In its September 15, 2015, Order, the Court found that the ALJ erred in failing to consider Dr. Swe's opinions. Specifically, Dr. Swe diagnosed Plaintiff with fibromyalgia in November 2011, and examined her in 2013 on three occasions—on each occasion he interpreted Plaintiff's musculoskeletal images, noted tenderness in her proximal interphalangeal and metacarpophalangeal joints, and assessed her with having seronegative rheumatoid arthritis and fibromyalgia. AR[2] 1000-1002, 1006-1008, 1026-1028. The Court reasoned that "[a]lthough the ALJ found Plaintiff has

---

[2] "AR" refers to the Administrative Record.

fibromyalgia (AR 23-24), he provides no reason for ignoring Dr. Swe's opinions regarding Plaintiff's hands." Doc. 19, pg. 14. Nonetheless, the Court concluded that such error "was harmless" based on "the record as a whole." Doc. 19, pg. 14. Upon further review, however, the Court finds error in its characterization of the ALJ's decision and, by extension, its harmless error analysis. And for this reason, the Court acknowledges error in its earlier decision.

Unlike his treatment of other physicians' opinions, the ALJ did not expressly reference Dr. Swe's opinion in the written decision. But in a paragraph discussing Plaintiff's rheumatology consultation, the ALJ described what could only be Plaintiff's consultation with Dr. Swe in November 2011. AR 27. Describing the consultation, the ALJ noted Plaintiff complained of various symptoms, "including alternating constipation and diarrhea, forgetfulness, insomnia, anxiety, depression, unrestorative sleep and fatigue." AR 27. But "[o]n exam, however, "she was in no distress" and that "[s]he had multiple tender points and [her] rheumatology serology was negative. The claimant was assessed with fibromyalgia and was counseled to continue with medication and to engage in regular exercise." AR 27. Contrary to the Court's earlier conclusion then, the ALJ did not entirely ignore Dr. Swe's opinion and, in fact, complied with the Appeals Council's order. The ALJ expressly discussed Dr. Swe's November 2011 report. AR 311. What the ALJ did not discuss, however, was Dr. Swe's 2013 reports which contained not only the same fibromyalgia assessment found in his 2011 report, but also the additional assessment of seronegative rheumatoid arthritis and interpretations of musculoskeletal images of Plaintiff's hands. AR 1002, 1008, 1028.

But while the ALJ discussed Dr. Swe's November 2011 report, it is unclear whether the ALJ rejected Dr. Swe's opinion concerning Plaintiff's fibromyalgia. A summary of a medical opinion falls short of *addressing* the medical opinion. *See, e.g., Brown-Hunter v. Colvin*, --- F. 3d ---, 2015 WL 6684997 at *6 (9th Cir. Nov. 3, 2015) ("Although the ALJ summarized a significant portion of the administrative record in support of her RFC determination, providing a summary of medical

evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible.") (emphasis in original).

And even if the Court interprets the ALJ's statements as implicitly rejecting Dr. Swe's opinion, the ALJ failed to provide the reasons why. To reject a treating physician's opinion which is contradicted by another physician, an ALJ must provide specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotations omitted); *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010). If the treating physician's opinion is not contradicted by another physician, the ALJ must provide clear and convincing reasons. *Lester*, 81 F.3d at 830. But the ALJ here provided neither specific and legitimate nor clear and convincing reasons. He provided no reasons.

As recently reiterated in *Brown-Hunter*, the Court "will not fault the agency merely for explaining its decision with less than ideal clarity, [but the Court] still demand[s] that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." *Brown-Hunter*, --- F. 3d ---2015 WL 6684997 at *4 (internal quotations and citations omitted). The Court "cannot substitute [its] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions. Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.* at *7 (internal quotations omitted). Without any reasoning here to justify the ALJ's (presumed) rejection of Dr. Swe's opinion, the Court cannot conduct a meaningful review of the ALJ's decision. The ALJ thus erred, and such error was not harmless. *See id.* at *6 ("error is harmless only if it is inconsequential to the ultimate nondisability determination or if despite the legal error, the agency's

path may reasonably be discerned. . . .we cannot discern the agency's path because the ALJ made only a general credibility finding without providing any reviewable reasons why she found [the] testimony to be not credible") (internal quotations and citation omitted).

Further, in *Brown-Hunter* the Ninth Circuit relied on *Marsh* when explaining that it is not the reviewing court's duty "to substitute our own discretion for that of the agency," and that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.*at *4. The plaintiff in *Marsh* was denied disability benefits, which she sought following a work-related injury and complications from a car wreck. *Marsh*, 792 F.3d at 1171. There, the ALJ's decision "nowhere mentions" the notes of a physician who had tracked the plaintiff's clinical progress for nearly three years and who found that she was "pretty much nonfunctional" and "appear[ed] to be disabled." *Id.* The Ninth Circuit agreed with the plaintiff that it was error not to mention the physician's notes and concluded, "where the ALJ did not even mention [the physician's] opinion that Marsh's chronic bursitis rendered her 'pretty much nonfunctional,' we cannot confidently conclude that the error was harmless. *Id.* at 1172-73 (internal quotations omitted). For the Court to conclude then, as it did, that the ALJ's silence in addressing Dr. Swe's opinion was harmless would therefore run afoul of our precedents.

C. Remand

"We have discretion to remand for further proceedings or to award benefits. If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded. Where the Secretary is in a better position than this court to evaluate the evidence, remand is appropriate." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (citations and quotations omitted). Under the circumstances, and departing from its September 15, 2015 Order, the Court finds remand appropriate. *Id.* ("We remand this case to the Secretary for proper consideration of step three equivalence because he is in a better position to evaluate the medical

evidence."); *Brown-Hunter*, --- F. 3d ---, 2015 WL 4620123 *4 ("For highly fact intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") (quotations omitted).

The Commissioner shall, on remand, properly address Dr. Swe's opinions—among them his 2013 reports—with clarity and explain precisely whether she is rejecting Dr. Swe's opinions and, if so, provide the reasons why as required by established case law.

## III. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion to Alter or Amend the Judgment of the Court. This action is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion. The Clerk of this Court shall enter judgment in favor of Plaintiff, Betty Davenport, and against the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **December 1, 2015**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28