# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY DAVENPORT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　Defendant. | Case No. 1:14-cv-721-GSA<br><br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>(Doc. 32) |

## I. INTRODUCTION

On December 1, 2017, Plaintiff's counsel, Denise Bourgeois Haley, Esq., filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b). (Doc. 32.) Betty Davenport("Plaintiff") and the Commissioner of Social Security ("Defendant") were served with the motion. (Doc. 32. pg. 11). Plaintiff was advised that any objections must be filed with the Court no later than January 5, 2018. (Doc. 34). In keeping with the role resembling that of a trustee for Plaintiff, the Commissioner filed a response to Ms. Haley's motion, but did not oppose the motion. (Doc. 35). *See generally, Gisbrecht* v. *Barnhart*, 535 U.S. 789, 798 n. 6 (2002). Plaintiff did not file any objections. For the reasons set forth below, the Motion for Attorney's Fees is GRANTED.

---

[1] Pursuant to Fed. R. Civ. Pro. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill is now the acting Commissioner of Social Security.

1

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability benefits under the Social Security Act. (Doc. 1.) On December 1, 2015, Magistrate Judge Sandra Snyder remanded this case. (Doc. 28). Subsequently, the parties stipulated to an award of Equal Access to Justice Act ("EAJA") in the amount of $6,000.00.[2] (Doc. 31.) Ms. Haley now seeks an award of attorney fees in the amount of $21,000.00 pursuant to 42 U.C.S. § 406(b). In support of the motion, Ms. Haley filed evidence indicating that Plaintiff was awarded approximately $115,065.00 in retroactive disability benefits. (Doc. 32-3, pg. 3). Ms. Haley is seeking approximately 18% of the retroactive benefits awarded for attorney's fees.

## III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment,* and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits ....

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 789, 802). The Commissioner has standing to challenge the award, despite the fact that the Section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec 'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while

---
[2] The total award was $6,400.00, however, $400.00 of the award was for costs. The case was reassigned to this Court after the EAJA award due to Judge Snyder's retirement.

ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen,* 879 F.2d 359, 365 (8th Cir.1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807; *see also Crawford*, 586 F.3d *at 1148* (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.' " *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and her counsel provides for a fee consisting of "25% of the past-due benefits resulting from [Plaintiff's] claim or claims." (Doc. 32-1.) The Court has considered counsel's representation of Plaintiff and the results achieved. Plaintiff's counsel indicates she expended a total of 28.8 hours litigating Plaintiff's case. (See Doc. 32, pg. 3). There is no indication that a reduction of the award is warranted due to any substandard performance by counsel in this matter. Counsel is an experienced attorney who secured a

successful result for Plaintiff.  There is also no evidence that Ms. Haley engaged in any dilatory conduct resulting in excessive delay.  Moreover, the $21,000.00 amounts represents approximately 18% of the past-due benefits paid to Plaintiff (as opposed to 25%), and are not excessive in relation to the past-due award. *See generally* See *Martinez v. Colvin*, No. 1:13-CV-01491-BAM, 2016 WL 1600184, at *2 (E.D. Cal. Apr. 21, 2016) (awarding $12,000.00 for 15 hours of attorney time and 3.7 hours of paralegal time); *Viera v. Comm'r of Soc. Sec.*, No. 2:11-cv-2342-KJN, 2013 WL 5934400, at *5 (E.D. Cal. Nov. 5, 2013) (awarding attorney's fees pursuant to Section 406(b) in the amount of $12,250.00 for 18.5 hours of work); *Dearden v. Comm'r of Soc.* Sec., No. 1:12-cv-120-BAM, 2014 WL 6612036, at *2 (E.D. Cal. Nov. 20, 2014) (granting attorney's fees pursuant to Section 406(b) in the amount of $16,474.00 for 24.7 hours); *Knudsen v. Colvin*, 2015 WL 4205319 at *2 (C.D. Cal. July 15, 2015) (awarding attorney's fees in the amount of $26,000.00, approximately 20% of past due benefits). Further, in making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht,* 535 U.S. at 796.  Here, Plaintiff's counsel has already been awarded EAJA fees in the amount of $6,000.00. Therefore, any Section 406(b) fees awarded must be off-set by $6,000.00, and refunded to Plaintiff.

**IV.    CONCLUSION AND ORDER**

For the reasons stated above, the fees sought by Ms. Haley pursuant to Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

1. The Motion for Attorney's Fees (Doc. 32) pursuant to Section 406(b) in the amount of $21,000.00 is GRANTED.  The agency shall pay the amount awarded in this order to the extent that there are funds available;

2. Plaintiff's counsel is ordered to refund $6,000.00 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

4

3. The Clerk of the Court is directed to serve this order on Plaintiff, Betty Davenport at 9709 Silverthorne Drive, Bakersfield, California 93314.

IT IS SO ORDERED.

   Dated: **January 29, 2018**        **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE